UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**BARBARA PHILLIPS,**

    **Plaintiff,**

vs.                                                             **Case No. 8:14-cv-01265-T-27AEP**

**WELLS FARGO BANK, N.A.,**

    **Defendant.**

_____/

## ORDER

**BEFORE THE COURT** is Defendant Wells Fargo Bank, N.A.'s Motion to Dismiss Plaintiff's Amended Complaint (Dkt. 12), and Plaintiff's response (Dkt. 18). Upon consideration, the motion is DENIED.

### *Background*

Plaintiff brought this action alleging violations of the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55 *et seq.*, and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, stemming from a series of allegedly unlawful collection attempts made to Plaintiff by Defendant (Dkt. 11).

Defendant allegedly made approximately 69 "collection calls" from July to August 2013 to Plaintiff's cellular telephone using an automatic telephone dialing system, a predictive telephone dialing system, and/or an artificial or pre-recorded voice. *Id.* at ¶ 136. Further, Defendant allegedly made at least four "collection calls" to Plaintiff's place of employment without her consent or first obtaining a final judgment as to her debt and continued to contact

Plaintiff directly after being informed that Plaintiff retained counsel for representation in the debt matter. *Id.* at ¶ 115, 131. These calls were in addition to the three to four telephone calls Plaintiff received daily from Defendant on her home phone during the period from July 23, 2013 to August 23, 2013. *Id.* at ¶ 92.

Plaintiff's Amended Complaint contains five counts (Dkt. 11).[1] Counts I, II, and III claim Defendant's conduct violated three different subsections of the FCCPA. *Id.* Counts IV and V plead Defendant's alleged TCPA violations as alternatively negligent or willful. *Id.*

### *Standard of Review*

A complaint should contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This Rule does not require detailed factual allegations, but a plaintiff's complaint must contain more than unadorned or conclusory accusations of harm. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint must "plead all facts establishing an entitlement to relief with more than 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action.'" *Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1324 (11th Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007)). "A claim has facial plausibility when the plaintiff pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

All of the factual allegations in a complaint must be accepted as true for the purposes of a motion to dismiss but this tenet is "inapplicable to legal conclusions." *Id.* at 678. "While legal

---

[1] Defendant filed a motion to dismiss Plaintiff's original complaint (Dkt. 9) that was mooted by Plaintiff's amended complaint (Dkt. 11; *see* Dkt. 12 at 2).

conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. All reasonable inferences must be drawn in the plaintiff's favor. *St. George v. Pinellas Cnty.*, 285 F.3d 1334, 1337 (11th Cir. 2002.)

## *Discussion*

Defendant argues that the Amended Complaint should be dismissed because Plaintiff impermissibly splits a cause of action by pleading multiple counts under the FCCPA (Counts I-III) and TCPA (Counts IV & V).

Florida law "does not permit the owner of a single cause of action…to divide or split that cause of action to make it the subject of several actions, without the consent of the Defendant." *Mims v. Reid*, 98 So. 2d 498, 500-01 (Fla. 1957). However, this prohibition has not been held to apply to the pleading of multiple counts under the same statute within a single complaint. *Mims* proscribed the splitting of one cause of action into two or more lawsuits. *Id.* Further, the Eleventh Circuit's adoption of *Mims* was in the context of two lawsuits filed in both state and federal court regarding the same facts and circumstances, and the court interpreted the rule as "designed to prevent the multiplicity of suits." *Bowman v. Coddington*, 517 F. App'x. 683, 684 (11th Cir. 2013) (quoting *Brody Constr., Inc. v. Fabri-Built Structures, Inc.*, 322 So. 2d 61, 63 (Fla. Dist. Ct. App. 4th 1975)). Defendant is not facing multiple lawsuits because Plaintiff pleads Defendant's alleged violations of the FCCPA and TCPA in multiple counts. Defendant's argument is therefore inconsistent with *Bowman* and *Mims*, and Plaintiff's pleading method is not prohibited as it does not split her cause of action.

Defendant also argues "a plaintiff has only one cause of action resulting from a defendant's alleged violations of" the FCCPA and TCPA and cites two Middle District of Florida

cases as support (Dkt. 12). However, neither of the cited cases prohibit a plaintiff from pleading separate subsections of the FCCPA and TCPA as multiple counts. *Liste v. Cedar Fin.*, No. 8:13-cv-3001-T-30AEP, 2014 WL 1092347, at *4 (M.D. Fla. 2014); *Brook v. Suncoast Schools, FCU*, No. 8:12-cv-1428-T-33MAP, 2012 WL 6059199, at **2-4 (M.D. Fla. 2012). The plaintiffs' choices in *Liste* and *Brook* to plead their multiple FCCPA violations within one count in their complaints do not require other plaintiffs to plead in the same manner.

Finally, Plaintiff states she sought to promote clarity by pleading separate subsections of the FCCPA as multiple counts and pleading willful or negligent TCPA violations as alternative counts (Dkt. 18). The Federal Rules of Civil Procedure encourage this practice, stating "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence—and each defense other than a denial—must be stated in a separate count or defense." Fed. R. Civ. P. 10(b). Rule 8(d)(2) also states a "party may set out two or more statements of a claim" in separate counts. Fed. R. Civ. P. 8(d)(2). Plaintiff's Amended Complaint is consistent with the guidance of Rules 8(d)(2) and 10(b) because the multiple counts clearly give notice to Defendant of the statute subsections on which Plaintiff seeks relief.

## *Conclusion*

Accordingly, Defendant's Motion to Dismiss Plaintiff's Amended Complaint (Dkt. 12) is **DENIED**. Defendant shall answer the Amended Complaint with fourteen (14) days of this Order.

**DONE AND ORDERED** this 21st day of October, 2014.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of Record